| | |
|---|---|
| 1 | JaVonne M. Phillips, Esq., SBN 187474 |
| | Charles M. Standard, Esq., SBN 160720 |
| 2 | **McCarthy & Holthus, LLP** |
| | 1770 Fourth Avenue |
| 3 | San Diego, CA 92101 |
| | Phone (619) 685-4800 Ext. 3768 |
| 4 | Fax (619) 685-4810 |
| 5 | Attorney for: Secured Creditor, |
| | Chase Home Finance LLC, its assignees and/or successors |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-54304 CN |
| | ) |
| Richard Scott Gebhard, | ) Chapter 7 |
| | ) |
| | ) RS No.   CMS-5118 |
| | ) |
| | ) **MOTION FOR RELIEF FROM** |
| Debtor. | ) **AUTOMATIC STAY AND** |
| | ) |
| | ) Date:  07/14/2010 |
| | ) Time:  2:00 PM |
| | ) Ctrm:  3070 |
| | ) Place: 280 S. First Street |
| | )           San Jose, CA |
| | ) |
| | ) Judge:  Hon. Charles Novack |
| | ) |

   Chase Home Finance LLC, its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts

necessary to foreclose under the Deed of Trust secured by the Debtor's property, commonly known as 3381 West Barcelona Drive, Chandler, AZ 85226-1466, ("Property" herein).

The current value of the Debtor's subject Property is $141,605.00 based upon the Debtor's own value as set forth in **Exhibit "2"**.

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | |
|---|---:|
| Value | $ 141,605.00 |
| Total Liens to Secured Creditor | $ 188,527.07 |
| Equity | $ (46,922.07) |

Further, Debtor intends to *surrender* the subject property as set forth in Debtor's Statement of Intention. **See Exhibit "3"**.

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. For attorneys' fees and costs incurred herein.

5. For such other relief as the Court deems proper.

6. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

Dated: June 23, 2010                McCarthy & Holthus, LLP

                                    By:   /s/ Charles M. Standard
                                          Charles M. Standard, Esq.
                                          Attorneys for Secured Creditor
                                          Chase Home Finance LLC